JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
ROSE DARLING
Senior Trial Attorney
TARA STEARNS
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California  94103
Tel:  (415) 625-7744
Fax:  (415) 625-7772
Email:  darling.rose@dol.gov

Attorneys for Thomas E. Perez, Secretary,
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,**<br>                    Plaintiff,<br><br>v.<br><br>**i2A TECHNOLOGIES, INC., a California corporation; VICTOR BATINOVICH, an individual**<br><br>                    Defendants. | Case No.: 3:15-cv-4963<br><br>**COMPLAINT**<br>Violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.* |

The United States Secretary of Labor brings this action under Section 17, 29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201-219 ("FLSA" or the "Act"), to enjoin Defendants i2A Technologies, Inc. and Victor Batinovich from violating the

"hot goods" provision of the FLSA, failing to pay their employees at least minimum wage, and discouraging employees not to pursue their rights under the FLSA or coercing them to accept substandard wages or work without pay, in violation of Sections 15(a)(1), 6, and 15(a)(3) of the Act, 29 U.S.C §§ 215(a)(1), 206, and 215(a)(3).

The Secretary also brings this action under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for a judgment against Defendants for unpaid wages and an additional equal amount as liquidated damages due to Defendants' current and former employees listed in the attached Exhibit A.

**PARTIES**

1. Plaintiff Thomas E. Perez is the Secretary of Labor for the United States Department of Labor.

2. At all relevant times, Defendant i2A Technologies, Inc. is and has been engaged in the business of designing and manufacturing integrated circuits, which are utilized in a broad range of electronic products including personal computers, digital cameras, video game consoles, and mobile phones. At all relevant times, i2A Technologies was incorporated in California, with its principal place of business located at 3399 West Warren Avenue, Fremont, California 94538.

3. On information and belief, at all relevant times, Defendant Victor Batinovich resided in San Martin, California, and was and is an owner of i2A Technologies and acted directly or indirectly in the company's interest concerning its employees, including hiring and firing employees, setting hours and pay, determining employment practices, supervising employees, and creating employment records.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under Section 17 of the FLSA, 29 U.S.C. § 217 (injunction proceedings to restrain violations of Sections 215 of the Act); by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

5. Venue lies in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(b) because i2A Technologies' headquarters is located in Fremont, California, within this judicial district, and a substantial part of the acts or omissions giving rise to the claims in this action occurred in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. At all relevant times, Defendant i2A Technologies was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA because (a) i2A Technologies had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (b) i2A Technologies had an annual gross volume of sales made or business done of not less than $500,000.

7. At all relevant times, Defendant i2A Technologies was and is an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

8. At all relevant times, Defendant Batinovich was and is an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

9. The individuals who work for Defendants are integral and indispensable to i2A Technologies' business.

10. As a matter of economic reality, the individuals who work for Defendants are economically dependent on Defendants.

11. Defendants direct and exercise control over their workers' activities.

12. Defendants unilaterally determine their workers' pay rates.

13. Defendants' investment in their business is much greater than their workers' investment in their work for Defendants.

14. Defendants' workers who are paid an hourly rate are not required to possess, demonstrate, or obtain specialized skills to work for Defendants.

**FIRST CAUSE OF ACTION**
**(Violating Hot Goods Provision of the FLSA)**

15. Defendants have violated and continue to violate Section 15(a)(1) of the FLSA, 29 U.S.C. §§ 215(a)(1), by shipping, transporting, or selling goods in interstate commerce that were made without complying with the requirements of the FLSA. Specifically, in 2014 and 2015, Defendants shipped, transported, or sold goods that were made by employees who were not paid at least the federal minimum wage for all hours worked.

16. At all relevant times, and at least since October 28, 2012, Defendants have willfully violated and continue to violate the hot goods provision of the FLSA, 29 U.S.C. § 215(a)(1). Defendants knew or should have known of the FLSA's hot goods provision but nevertheless shipped goods in interstate commerce that were made without complying with the requirements of the FLSA. Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from shipping goods in interstate commerce that were produced without complying with the requirements of the FLSA.

## SECOND CAUSE OF ACTION
### (Failure to Pay Minimum Wage in Violation of the FLSA)

17. Defendants have violated and continue to violate Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees at least the federal minimum wage of $7.25 for all hours worked in workweeks when the employees were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA. Specifically, Defendants failed to pay their employees <u>any</u> wages for the hours employees worked during the two-week pay periods ending August 24, 2014; September 7, 2014; September 21, 2014; October 5, 2014; April 19, 2015; May 3, 2015; May 17, 2015; May 31, 2015; June 14, 2015; October 4, 2015; and October 18, 2015.

18. At all relevant times, and at least since October 28, 2012, Defendants have willfully violated and continue to violate Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2). Defendants knew or should have known of the FLSA's minimum wage requirements but nevertheless employed, and continue to employ, workers without properly compensating them. Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid minimum wage found by the Court to be due to present and former employees.

## THIRD CAUSE OF ACTION
### (Violating Section 15(a)(3) of the FLSA)

19. Defendants have violated and continue to violate the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by discouraging employees from reporting Defendants' wage violations or otherwise pursuing their rights under the FLSA and by coercing employees to accept substandard wages or to work without pay.

20. At all relevant times, and at least since October 28, 2012, Defendants have willfully violated and continue to violate Section 15(a)(3) of the FLSA, 29 U.S.C. §§ 215(a)(3). Defendants continue to engage in coercive behavior, including by discouraging employees from vindicating their rights under the FLSA and coercing them to accept substandard wages or work without pay.

## PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants i2A Technologies and Batinovich and all those in active concert or participation with them from prospectively violating the provisions of the FLSA §§, 15(a)(1), 15(a)(2), and 15(a)(3), 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(3);

B. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants i2A Technologies and Victor Batinovich and all those in active concert or participation with them from shipping, transporting, selling or offering to sell goods in interstate commerce that were produced without complying with the requirements of the FLSA;

C. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, reimbursing Defendants' current and former employees, including the persons listed on the attached Exhibit A, for wages lost as a result of Defendants violating Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), plus an additional equal amount in liquidated damages;

D. For an Order under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage found by the Court to be due to Defendants' current and former employees, including the persons listed on the attached Exhibit A, as a result of

Defendants violating Section 6 of the Act, 29 U.S.C. § 206, plus an additional equal amount in liquidated damages;

E. In the event the Court does not award liquidated damages, for an Order restraining Defendants under Section 17 of the FLSA, 29 U.S.C. § 217, from continuing to withhold the payment of any unpaid wages that may be found by this Court to be due to Defendants' current and former employees, including the persons listed on the attached Exhibit A, plus pre-judgment interest computed on the unpaid wages due;

F. For an Order awarding the Secretary the costs of this action; and

G. For an Order granting other and further relief as may be necessary or appropriate.

Dated:  October 28, 2015

                                        M. PATRICIA SMITH
                                        Solicitor of Labor

                                        JANET M. HEROLD
                                        Regional Solicitor

                                        SUSAN SELETSKY
                                        Counsel for FLSA


                                        By:  _/s/ Rose Darling_____
                                                ROSE DARLING (Cal. Bar # 243893)
                                                Senior Trial Attorney

                                        Attorneys for the Secretary of Labor,
                                        United States Department of Labor

**EXHIBIT A**

| |
|---|
| Bui, Tri |
| Canio, Lydia |
| Cheung, Steven |
| Ganotisi, Angel |
| Gary, Oliva |
| Hernandez, Herminia |
| Hernandez, Richard |
| Ho, James |
| MacieI, Maria |
| Mo, Vincent |
| Niemigo, Paulinus |
| Packer, Laila |
| Ragadio, Helen |
| Ramirez, Nestor |
| Rodriguez, Angel |
| Salgado, Daniel |
| Sangha, Gurmeet |
| Santos, Armando |
| Sato, Geovanna |
| Solomon, Fredrick |
| Torres, Frank |
| Trinh, Joe |
| Yanos, Constante |