1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

      Plaintiff,

  v.

i2a TECHNOLOGIES, INC., a California
Corporation, VICTOR BATINOVICH, an
individual,

      Defendants.

                         /

No. C 15-04963 WHA

**ORDER GRANTING
SECRETARY OF LABOR'S
MOTION TO INCARCERATE
DEFENDANT VICTOR
BATINOVICH FOR FAILING TO
PURGE DEFENDANTS' CIVIL
CONTEMPT**

## INTRODUCTION

In this wage-and-hour action, a prior order held defendants in civil contempt for failing to comply with a temporary restraining order and subsequent preliminary injunction. The Secretary of Labor now moves for a bench warrant to arrest and incarcerate one defendant until defendants purge themselves of civil contempt. For the reasons stated below, the motion of the Secretary of Labor is **GRANTED**.

## STATEMENT

The facts of this case have been detailed in a prior order (Dkt. No. 27). Briefly, defendants i2a Technologies, Inc., and Victor Batinovich, CEO, majority shareholder, and member of the board of directors of i2a, failed to pay their employees' wages for work relating to the manufacture of semiconductors. On October 28, 2015, plaintiff Thomas E. Perez, Secretary of Labor of the United States Department of Labor, moved for a temporary restraining

United States District Court

For the Northern District of California

1   order enjoining defendants from failing to pay their employees' wages, from shipping or selling

2   goods manufactured by employees that had not been paid, and from discouraging employees

3   from pursuing their rights under the Fair Labor Standards Act (Dkt. No. 3).  The Court ordered

4   the Secretary to serve defendants with the summons, complaint, motion for a temporary

5   restraining order, and all supporting declarations and gave defendants an opportunity to oppose

6   the motion (Dkt. No. 9).  The Secretary served both defendants by overnight delivery to i2a's

7   headquarters (Dkt. No. 10).  Defendants did not respond.  After a hearing at which defendants

8   did not appear, the Court granted the Secretary's motion for a temporary restraining order, and

9   issued an order to show cause why a preliminary injunction should not issue (Dkt. No. 12).

10      Plaintiffs served the temporary restraining order and order to show cause on defendants

11  by hand delivering it to Andrew Batinovich, Victor's adult son, at i2a's headquarters and by

12  mailing the order to i2a's headquarters (Dkt. Nos. 14–15).  Additionally, Attorney Rose

13  Darling, counsel for the Secretary, spoke with Victor Batinovich on the phone regarding the

14  preliminary injunction hearing.  Defendants did not file a response brief.

15      On November 17, the Court held a hearing on the Secretary's request for a preliminary

16  injunction.  Approximately fifteen minutes after the hearing began, Victor Batinovich appeared.

17  Attorney Darling personally served Batinovich with the temporary restraining order and order

18  to show cause why a preliminary injunction should not issue.

19      Batinovich stated that although he remained the owner of i2a, he had been absent from

20  the company as of July 28 while he sought a buyer for the company.  The Court heard sworn

21  testimony from several employees of i2a, which confirmed that Batinovich had largely

22  abandoned the company and that Frederick Solomon, the vice president of engineering at i2a

23  had taken over some of the day-to-day responsibilities at i2a, although Batinovich retained

24  responsibility over payroll (*id.* at 25–35).

25      The Court converted the temporary restraining order into a preliminary injunction and

26  ordered Batinovich to appear at a hearing on December 1 to show cause why he and i2a should

27  not be held in contempt for violating the temporary restraining order by failing to pay his

28  employees.  The Court admonished Batinovich that he should retain counsel three times and

**United States District Court**
For the Northern District of California

1   warned that he could face liens on his car or his home and that he could face jail time.

2   Batinovich provided the address of i2a's headquarters as the location at which he could be

3   served until such time that he retained counsel.  Batinovich stated he would pick up any

4   messages at that location (*id.* at 40–51).

5       Batinovich did not file a response to the order to show cause, but he did appear at the

6   hearing on December 1.  The Secretary presented evidence that Batinovich and i2a had failed to

7   pay wages to its employees totaling $56,470.42 from the date the temporary restraining order

8   took effect until November 17 when Batinovich instructed i2a's employees to stop working.

9   The Secretary also presented evidence that Batinovich could be held personally liable as an

10  employer under the FLSA.  Batinovich offered no evidence to dispute the Secretary's evidence

11  but claimed he lacked funds to pay the outstanding wages.

12      An order issued following the hearing holding Batinovich personally liable for the

13  unpaid wages as an employer under the FLSA.  That order further held Batinovich and i2a in

14  civil contempt as follows (Dkt. No. 27 at 8):

15          This order finds Victor Batinovich and i2a in civil contempt of the
            temporary restraining order dated November 3, 2015 and the
16          preliminary injunction dated November 17, 2015 by reason of their
            failure to pay the payroll for the periods ending October 4, 2015,
17          October 18, 2015, November 1, 2015, and November 15, 2015.
            Batinovich and i2a may purge this contempt by paying the
18          outstanding $56,470.42 to their employees by **DECEMBER 31**.  The
            Secretary may immediately begin discovery into Batinovich's
19          personal financial circumstances, including taking records and
            taking the depositions of Batinovich, his spouse, and i2a.  On
20          **JANUARY 1** or thereafter, the Court will then entertain a motion for
            further specific sanctions.  Defendants are hereby **ORDERED** not to
21          hide or dispose of their assets or income sources other than for
            ordinary living expenses.

22      The Secretary served Batinovich with a deposition notice and document request on

23  December 4 by overnight mail to him at the address of i2a's headquarters.  The notice required

24  Batinovich to produce documents relating to his personal finances by December 11 and to

25  appear for a deposition on December 17.  Batinovich did not comply (Darling Decl. ¶ 4,

26  Exh. A).

27      On December 8, the Secretary served Batinovich's wife, Ann, with a subpoena by taping

28  it to the front door of the Batinovich's home while three cars sat in the driveway and several

1   people remained inside but refused to answer the door.  The notice required Ann Batinovich to

2   produce documents relating to her personal finances by December 11 and to appear for a

3   deposition on December 16.  Ann Batinovich did not comply (*id.* ¶ 4, Exh. B).

4        Attorney Darling made several attempts to contact Victor and Ann Batinovich to no

5   avail (*id.* ¶¶ 4–5).

6        On January 13, the Secretary filed a request for an order to show cause why Batinovich

7   should not be incarcerated until he or i2a purge themselves of contempt (Dkt. No. 29).  The

8   Secretary's motion noted that an informant stated that Batinovich had sold i2a, though the

9   paperwork had not been finalized (Pham Decl. ¶ 2).  The Court issued an order to show cause

10  on January 19 and scheduled a hearing for February 18.  Batinovich's response was due on

11  January 27.

12        The Court held a case management conference on January 28 at which both sides

13  appeared.  Batinovich stated that he had contacted the Department of Labor seeking

14  clarification of the sum of money he would need to pay in order to settle the entire action, but

15  he claims he did not receive a clear response.  Batinovich stated that he had not been served

16  with any deposition papers or any other papers in the action, but he admitted he had not been

17  checking his mail at the i2a headquarters.  The Court informed Batinovich that he needed to

18  check his mail at that address and that he would be deemed to have notice of any documents

19  mailed there.

20        The Court again admonished Batinovich to retain counsel and noted that he would need

21  to pay $56,470.42, as indicated in the order holding him in contempt, in order to purge the

22  contempt.  The deadline for Batinovich to respond to the order to show cause regarding his

23  incarceration was extended to February 4.  Batinovich has not responded.

24        This order follows a brief from the Secretary and oral argument held on February 18 at

25  which both sides appeared.

26                                    **ANALYSIS**

27        The order holding Batinovich in contempt clearly stated "Batinovich and i2a may purge

28  this contempt by paying the outstanding $56,470.42 to their employees by **DECEMBER 31**."  To

*United States District Court*
*For the Northern District of California*

4

**United States District Court**
For the Northern District of California

1  date, neither Batinovich nor i2a has paid a penny of the outstanding wages, and accordingly,

2  both defendants remain in contempt.

3  The purpose of civil contempt is to coerce compliance with the court's order rather than

4  punish disobedience. *Spallone v. United States*, 493 U.S. 265, 280 (1990).  Batinovich has

5  squandered numerous opportunities to make his case on the merits or to show that he cannot

6  pay the outstanding amount.  This order finds that in order to coerce Batinovich's compliance

7  with the temporary restraining order and subsequent preliminary injunction in this action, he

8  must be incarcerated.

9  **CONCLUSION**

10  For the reasons stated above, it is hereby **ORDERED** as follows:

11  1.  On **MARCH 1, 2016, AT NOON** or before, Victor Batinovich shall self-surrender to the United States Marshal Office at 450 Golden

12  Gate Ave., San Francisco, 20th Floor, and the Marshal shall keep him in custody until further order of the Court.  Once the Court

13  determines that he has paid the $56,470.42 in outstanding wages, then it will either rescind this custody order or, if the payment is

14  after March 1, order the Marshal to release him.  The absence of any such rescission or modification means the custody order is in

15  effect.

16  2.  The only reasons the Court is not ordering Victor Batinovich into immediate custody are (i) to give him a brief further period to pay,

17  and (ii) to give him an opportunity to initiate an appeal of this order. (However, this order will not be stayed while an appeal is pursued

18  to conclusion.  Any such stay will be up to the appellate judges.)

19  3.  Failure to report to the Marshal on **MARCH 1 AT NOON** or before will result in a bench warrant for the arrest and detention of Victor

20  Batinovich.

21  4.  The foregoing is the least drastic remedy available to the Court to obtain compliance, many other lesser remedies have been

22  exhausted.

24  **IT IS SO ORDERED.**

26  Dated:    February 18, 2016.

27  WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE